IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Mary Carsten, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Diversified Adjustment Service, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMPLAINT & JURY DEMAND**

For this Complaint, the Plaintiff, Mary Carsten, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant'ss repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), Michigan Collection Practices Act, M.C.L. § 445.251, *et seq*. ("MCPA"), Michigan Occupational Code, M.C.L. § 339.901, et seq. ("MOC"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Mary Carsten ("Plaintiff"), is an adult individual residing in Flint, Michigan, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Diversified at all times acted by and through one or more of the collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. The Plaintiff incurred a financial obligation in the approximate amount of $300.00 dollars (the "Debt") to Sprint (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

10. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Diversified Engages in Harassment and Abusive Tactics

11. Within the last year, the Defendant contacted Plaintiff in an attempt to collect the Debt.

12. Defendant placed calls to Plaintiff's cellular telephone for a couple months, up to three (3) times in one day, in an attempt to collect the Debt.

13. Plaintiff has spoken with Defendants approximately ten (10) times, and each time Plaintiff has stated to Defendant that she is pregnant and undergoing massive stress due to her pregnancy, her unemployment status and inability to pay for her groceries or current bills.

14. Plaintiff also stated numerous times that Plaintiff cannot afford to pay the Debt and request Defendant cease calling Plaintiff.

15. Defendant responded to Plaintiff that Plaintiff's financial situation is not their problem, and continued to place excessive calls to Plaintiff in an attempt to collect the Debt.

16. On April 24, 2012, Plaintiff spoke with Defendant and requested Defendant stop calling, and stated to Defendants that they are harassing her.

17. Defendant responded, "I'm not harassing you. You're harassing my client. Don't you have anyone who can help with [the Debt]?"

18. Plaintiff responded, "No," and Defendant replied, "Well, who answered your phone?"

19. Defendant persisted in keeping Plaintiff on the phone despite Plaintiff's request to end the call, as Plaintiff repeatedly stated she cannot pay the Debt.

20. Due to Plaintiff's expected delivery date in less than one (1) week, Plaintiff had to terminate the call with Defendants due to her stress, directly stemming from Defendant's harassing tactics.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

22. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendant's conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

26. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

27. The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

28. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

29. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT,

## M.C.L. § 445.251, et seq.

31. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The Plaintiff is a "consumer" and "debtor" as the term is defined by M.C.L. § 445.251(d).

33. The Defendant is a "collection agency" as the term is defined by M.C.L. § 445.251(b).

34. The Plaintiff incurred a debt as a term is defined by M.C.L. § 445.251(a).

35. The Defendant's conduct violated M.C.L. § 445.252(a) in that Defendant communicated with Plaintiff in a misleading or deceptive manner.

36. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

37. The Defendant's conduct violated M.C.L. § 445.252(n) in that Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiff.

38. The Defendant's conduct violated M.C.L. § 445.252(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

39. The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MCPA, including every one of the above-cited provisions.

40. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT III

## VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE,

## M.C.L. § 339.901, et seq.

41.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     Defendant is a "collection agency" as the term is defined in M.C.L. § 339.901(b).

43.     Plaintiff is a "consumer" and "debtor" as the terms is defined in M.C.L. § 339.901(f).

44.     The Defendant's conduct violated M.C.L. § 339.915(a) in that Defendant communicated with Plaintiff in a misleading or deceptive manner.

45.     The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant used a harassing, oppressive, or abusive method to collect a debt.

46.     The Defendant's conduct violated M.C.L. § 339.915(n) in that Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly, continuously, or at unusual times or places which were known to be inconvenient to the Plaintiff.

47.     The Defendant's conduct violated M.C.L. § 339.915(q) in that Defendant failed to implement a procedure designed to prevent a violation by an employee.

48.     The foregoing willful acts and omissions of the Defendant constitute numerous and multiple violations of the MOC, including every one of the above-cited provisions.

49.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52. Michigan further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Michigan state law.

53. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with excessive calls to her cellular telephone.

54. The telephone calls made by Defendant to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

55. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

56. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

57. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT V

## INTENTIONAL (OR NEGLIGENT) INFLICTION OF EMOTIONAL DISTRESS

58. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

59. The acts, practices and conduct engaged in by the Defendant vis-à-vis the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

60. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Michigan.

61. All acts of Defendant and the collectors complained of herein were committed with malice, intent, wantonness, recklessness, and negligence, and as such, Defendant is subject to imposition of punitive damages.

62. Defendant could reasonably foresee its conduct would cause mental anguish and severe emotional distress to Plaintiff.

63. Plaintiff did indeed suffer mental anguish and severe emotional distress including post-traumatic stress, paranoia, and depression.

64. Defendant's conduct resulted in negligent infliction of emotional distress under the laws of the State of Michigan.

## COUNT VI

## PUBLIC DISCLOSURE OF EMBARRASSING PRIVATE FACTS

65. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66.     The acts, practices and conduct engaged in by the Defendant and complained of herein constitutes a public disclosure of embarrassing private facts about the Plaintiff under the Common Law of the State of Michigan.

67.     The facts disclosed to the public have been private and their public disclosure is offensive and objectionable to a reasonable person.

68.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendant.

69.     All acts of Defendant and the collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), and statutory damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

3. Treble damages pursuant to M.C.L. § 445.257(2) and M.C.L. § 339.916(2) against Defendant;

4. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), M.C.L. § 445.257(2), and M.C.L. § 339.916(2) against Defendant;

5. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages against Defendant; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 26, 2012

Respectfully submitted,

By: /s/ Sergei Lemberg
Sergei Lemberg, Esq.
Attorney for Plaintiff Mary Carsten
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:   (203) 653-3424
Email: slemberg@lemberglaw.com